IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hilton Head Island Development Company, LLC and Coral Resorts, LLC, | )<br>)<br>) No. 9:13-cv-3510-RMG |
| Plaintiffs, | )<br>) |
| v. | )<br>) **ORDER** |
| Joseph DuBois, Zach Naert, and Naert and DuBois, LLC, | )<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the Court on seven motions, including four relating to Plaintiffs' discovery requests of Defendants. Defendants have filed two Motions for Protective Order on September 9, 2014 and October 14, 2014 (Dkt. Nos. 46 and 52), and Plaintiff filed a Motion to Compel (Dkt. No. 48) on September 26, 2014. Defendants also filed a Motion to Quash, Limit and Modify Depositions of Defendants on October 14, 2014 (Dkt. No. 54). The discovery motions (Dkt. Nos. 46, 52, 48, and 54) are each GRANTED in part and DENIED in part for the reasons set forth below.

In addition, Plaintiffs filed a Motion to Strike the Answer to Amended Complaint and Compel a Sufficient Answer on August 5, 2014 (Dkt. No. 38) which is GRANTED in part. Defendants also filed a First Motion for Joinder on October 14, 2014 (Dkt. No. 51) and a Motion to Disqualify Counsel on the same date (Dkt. No. 53), both of which are DENIED for the reasons set forth below.

## I. Background

Plaintiffs are vacation time share developers on Hilton Head Island, South Carolina, which operate four time share resorts, Port O'Call, Island Links, Coral Reef, and Coral Sands.

1

(Dkt. No. 20 at ¶¶ 9-13). Plaintiffs market the resorts collectively under the name "Coral Resorts." (*Id.* at ¶ 12). Defendants are two Hilton Head Island attorneys and their law firm. (*Id.* at ¶¶ 22, 23). Defendants advertise one of their primary practice areas as "timeshare litigation." (*Id.* at ¶ 24). This case arises from Defendants' allegedly improper purchase of certain Google "AdWords"[1] and other Search Engine Marketing ("SEM") services. (*Id.* at ¶¶ 26, 27). Plaintiffs allege that they own or control the following marks: "Coral Resorts," "Coral Reef," "Coral Sands," "Island Links," "Port O'Call," and "Hilton Head Island Development Company;" and that Defendants improperly purchased these marks from Google's AdWords and other services to link to their firm's website. (*Id.* at ¶ 28). Plaintiffs assert three causes of action against Defendants in their Amended Complaint: False Designation of Origin/Unfair Competition in

---

[1] The Fourth Circuit has provided a useful summary of this service:

> Google operates one of the world's most popular Internet search engines—programs that enable individuals to find websites and online content, generally through the use of a "keyword" search. When an Internet user enters a word or phrase—the keyword or keywords—into Google's search engine, Google returns a results list of links to websites that the search engine has determined to be relevant based on a proprietary algorithm.
>
> In addition to the natural list of results produced by the keyword search, Google's search engine also displays paid advertisements known as "Sponsored Links" with the natural results of an Internet search. Google's AdWords advertising platform permits a sponsor to "purchase" keywords that trigger the appearance of the sponsor's advertisement and link when the keyword is entered as a search term. In other words, an advertiser purchases the right to have his ad and accompanying link displayed with the search results for a keyword or combination of words relevant to the advertiser's business. Most sponsors advertising with Google pay on a "cost-per-click" basis, meaning that the advertiser pays whenever a user of Google's search engine clicks on the sponsored link.
>
> Google displays up to three sponsored links in a highlighted box immediately above the natural search results, and it also displays sponsored links to the right of the search results, but separated by a vertical line. As this suggests, more than one sponsor can purchase the same keyword and have a link displayed when a search for that keyword is conducted. Would-be advertisers purchase their desired keywords through an auction where advertisers bid competitively against each other for page position on the search results page. Generally speaking, users of the Internet are apparently more likely to click on ads that appear higher up on the search results page. Accordingly, an advertiser will try to outbid its competitors for the top positions in order to maximize the number of clicks on the advertiser's text ads. For the advertiser, more clicks yield increased web traffic, which means more potential website sales. Google, in turn, benefits by placing the most relevant ads in the most desirable locations, which increases the likelihood of a high click-through rate and leads to increased advertising revenue.

*Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 150-51 (4th Cir. 2012).

2

violation of 15 U.S.C. § 1125(a)(1)(A); False Advertising in violation of 15 U.S.C. § 1125(a)(1)(B); and Service Mark Infringement in violation of S.C. Code § 39-15-1160. They also assert irreparable harm and request injunctive relief. (*Id.* at ¶ 95-99). Defendants moved to dismiss the Amended Complaint, (Dkt. No. 16, 26), and this Court denied the motion on July 1, 2014 (Dkt. No. 34). Parties have exchanged interrogatories and document requests and now present the Court with various disputes over what material in the possession of Defendants is subject to Plaintiffs' discovery requests, as well as motions seeking to compel a sufficient Answer, disqualify Plaintiffs' counsel, and join as parties the search engines that sold Defendants online advertising.

## II. Discussion

### A. Discovery Disputes

#### 1. Legal Standard

Parties to civil litigation may of course obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense," including any information that "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). However, while the parties' ability to obtain information through civil discovery is broad, it is not without limits. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries."); *WLR Foods, Inc. v. Tyson Foods, Inc.*, 65 F.3d 1172, 1186-87 (4th Cir. 1995). In determining relevance for discovery purposes, the district court has "substantial discretion." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.*, 43 F.3d 922, 929 (4th Cir. 1995). Matters protected by attorney-client privilege, however, are not subject to discovery, as the "very nature of the privilege is that it excludes relevant evidence because doing so 'has a public good transcending

3

the normally predominate principal of utilizing all rational means for ascertaining truth.'" *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998) (quoting *Trammel v. United States*, 445 U.S. 40, 50 (1980)). Rule 26(c) allows a court to issue a protective order on a showing of good cause by the party seeking protection from discovery.

2. **Motions for Order of Protection Granted in Part and Motion to Compel Denied in Part**

Defendants have filed two motions for protective orders as to written discovery and depositions, arguing that Plaintiffs' discovery requests are "ill motivated and an improper attempt to gain advantage in other litigation" (Dkt. No. 46 at 2; *see also* Dkt. No. 52). They request that the Court "forbid[] Timeshare Companies from making discovery requests concerning Attorneys' clients, Attorneys' marketing efforts, and Attorneys' confidential business information; and . . . otherwise limit[] the scope of discovery as is just and proper under the circumstances." (Dkt. No. 46 at 1). Plaintiffs have filed one motion to compel, complaining that Defendants have made no effort whatsoever to respond to the discovery requests. (Dkt. No. 48).

Upon review of Plaintiffs' discovery requests, it appears obvious that certain interrogatories and document requests clearly target Defendants' privileged client information, and Plaintiffs have provided no argument as to why this information would be relevant or necessary to the trademark dispute before this Court. Therefore, the court finds good cause has been shown and grants Defendant's Motions for a Protective Order, and denies Plaintiffs' Motion to Compel as to Interrogatories Two, Three and Four (all questions specifically directed at clients and client communications), as well as Document Requests Fifteen, Nineteen, and Twenty-One (also requests directed at client information).

In addition, Plaintiffs' discovery requests include a long list of interrogatories and document requests that do not appear to relate to the claims before this Court. Defendants appropriately argue that these requests are calculated to obtain materials related to ongoing litigation in other cases. In their response, Plaintiffs argue broadly that their requests are within the scope of relevancy applicable to discovery because the case "centers on Defendants' marketing efforts to obtain clients and the effect of those marketing efforts on Plaintiffs." (Dkt. No. 49 at 5). This is incorrect. The case before this Court centers on Defendants' use of certain trademarked, trademarkable, or service marked terms in its online advertising through certain search engines and whether such use is in violation of federal or state law. Discovery is properly limited to requests that are reasonably calculated to produce admissible evidence on these claims. Therefore, Defendants' Motions for Protection are also granted, and Plaintiffs' Motion to Compel is denied, as to Interrogatories Ten, Eleven, and Seventeen (all related to communications, meetings, and press contacts not related to Defendants' use of SEM services), as well as Document Requests Five, Thirteen, Fourteen, Sixteen, and Eighteen (all overly broad and also related to communications, activities, and press contacts not related to Defendants' use of SEM).

### 3. Motion to Compel Denied without Prejudice

The Court finds that certain discovery requests may be shown to be reasonably calculated to produce admissible evidence, but that Plaintiffs have not made such a showing. Plaintiffs' Motion to Compel is therefore denied without prejudice as to Interrogatories Fifteen, Sixteen (both seeking information relating to Defendants' computer protocols and IP addresses), and Fourteen (seeking the identities of individuals who clicked on Defendants' ads), and Document

Request Three (seeking all documents concerning the facts alleged in the Amended Complaint, a request that is overly broad and not fairly tailored to produce admissible evidence).

4. **Motion to Compel Granted in Part and Motions for Protective Order Denied in Part**

The remaining discovery requests all relate to the litigation at hand, and Defendants have not shown good cause as to why an order of protection should be ordered. The Court therefore grants Plaintiffs' Motion to Compel and requires Defendants to produce responses to these requests by November 6, 2014. Interrogatories One, Five, Eight, Nine, Twelve, Thirteen and Eighteen (seeking the identity of Defendants' employees and independent contractors, identities of persons who provided services relating to marketing and SEM, terms of agreements for such marketing services, and identities of expert witnesses) are all clearly calculated to lead to admissible evidence as to Defendants' use of the disputed terms in their online marketing efforts. Similarly, Document Requests One, Two, Four, Seven, Eight, Nine, Ten, Twelve, Seventeen, and Twenty (seeking documents associated with the interrogatories, documents concerning Defendants' defenses, analysis and information relating to SEM advertising, communications with search engines related to the advertising, copies of ads in other media concerning the timeshare industry, and documents relating to any disciplinary action against Defendants concerning the use of SEM) are all reasonably calculated to produce admissible evidence, and do not touch on sensitive or privileged information. These requests are therefore subject to discovery.

Finally, Defendants maintain that Interrogatory Seven, Document Request Six, and any other requests that touch upon the particulars of the way they crafted their SEM strategy, and in particular the revelation of the keywords (other than the names of Plaintiffs and their resorts), not

available to the public, that they purchased, should be protected from discovery as "confidential business information" and "trade secret marketing efforts." (Dkt. Nos. 46, 52). Other than the bare assertion that this information is sensitive and that the discovery requests have been made in bad faith, Defendants have presented the Court with no authority or evidence that this information is subject to protection or confidentiality. As the types of searches that triggered the display of Defendants ads is relevant to the factual question of whether the public could have been confused by use of the trademarked terms, the Court sees no good cause for a protective order, and the Motion to Compel is granted with respect to questions surrounding keyword purchases.

### 5. Defendants' Motion to Quash, Limit and Modify Depositions of Defendants

Defendants have moved to quash, limit, and modify depositions of Defendants. (Dkt. No. 54). The issues presented in the motion are for the most part duplicitous of those addressed above, and the Court therefore refers the parties to the discussion herein for guidance on limits to the depositions. Defendants also request that depositions be limited to a time less than seven hours. The Court grants this request and directs Plaintiffs to limit depositions to four hours absent a showing that more time is necessary.

### B. Other Motions

### 1. Motion to Strike the Answer and Compel a Sufficient Answer

Plaintiffs have filed a Motion to Strike the Answer and Compel a Sufficient Answer (Dkt. No. 38) on the grounds that Defendants' answer is in violation of FED. R. CIV. P. 8(a) ("a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party.") Plaintiffs also request

that the Court strike certain material, alleging that the information in the Answer is redundant, immaterial, impertinent, or scandalous. (Dkt. No. 38).

Defendants filed a Response to the motion to strike (Dkt. 45), wherein they argue that Plaintiffs "seek to prevent [Defendants] from defending themselves . . . and to prevent [Defendants] from using publicly available, factual, and material information put at issue by Timeshare Companies' Amended Complaint." (*Id.* at 2).

The Court is well aware that the parties, in another forum, are litigating over Plaintiffs' actions that allegedly defrauded timeshare purchasers. However, the volume of arguments and documents that both parties have submitted to this Court regarding the other litigation is unnecessary and burdensome to the resolution of this case. The Answer as filed (Dkt. No. 35) includes over two thousand pages of exhibits, including hundreds of pages of FOIA responses and printouts of websites where individuals complain about timeshares. The Court hereby strikes these exhibits as redundant and immaterial under 12(f). The remaining portion of the answer consists of thirty five pages, much of which is argumentative and does not clearly admit or deny the allegations in the Amended Complaint. Plaintiffs' motion is therefore granted and Defendants are hereby directed to file an Answer in compliance with FED. R. CIV. P. 8(a), admitting or denying the allegations in short and plain terms, by November 6, 2014.

### 2. Defendants' Motion for Joinder

Defendants have filed a motion to join parties (Google, Bing, Yahoo, Ask.com, AOL, DuckDuckGo, DogPile, Infospace, and Excite) under FED. R. CIV. P. 19(a) (mandatory joinder) and FED. R. CIV. P. 20(a)(2) (permissive joinder), arguing that without the search engines "Attorneys could not bid on any words and [Plaintiffs] could make no allegations." (Dkt. No. 51 at 2). The fact that the search engines played a role in the facts of the case does not make them

subject to mandatory joinder, which is reserved by FED. R. CIV. P. 19(a)(1) for parties whose absence would prevent relief among existing parties and for parties who claim an interest relating to the subject of the action that may be impaired or impair another party's obligations. Defendants have made no showing that the search engines have claimed any interest in the litigation or that their absence will prevent relief among the existing parties and the motion is therefore denied as to mandatory joinder.

Rule 20(a) provides that a person "may join" an action if they assert a right to relief, or a right to relief is asserted against them, and there is a question of law or fact common to the parties. Again, the named search engines have asserted no interest in the litigation and adding them as parties pursuant to permissive joinder procedure would be inappropriate. The motion is therefore also denied as to permissive joinder.

### 3. Defendants' Motion to Disqualify Counsel

Defendants have moved to disqualify opposing counsel on the grounds that Nekki Shutt, Callison, Tighe, & Robinson, LLC, and Barnwell, Whaley, Patterson, & Helms, LLC have a "gross conflict of interest" in that they also represent Plaintiffs in other litigation where Defendants are suing their clients on behalf of timeshare owners. (Dkt. No. 53).

Defendants have presented no authority, and the Court is aware of none, that would allow a district court to disqualify counsel on the basis that two legal teams find themselves on opposing sides of litigation in more than one forum, and the fact that Plaintiffs' counsel represents Plaintiffs in more than one matter tends more to show a lack of a conflict of interest than the presence of one. *Cf., e.g., United States v. Clarkson* 567 F.2d 270, 272-73 (4th Cir. 1977) (attorney representing "potential witnesses" against him constitutes a conflict of interest sufficient to support an order disqualifying him representing those parties).

9

The underlying issues that Defendants are concerned about seem to be the same ones discussed in the discovery motions, namely that Plaintiffs are using discovery in this case to seek out information for use in other cases. The limits placed on discovery pursuant to this Order address this matter sufficiently without disqualification of counsel, and Defendants' motion is therefore denied.

### III. Conclusion

For the reasons set forth above, the Court hereby DENIES Defendants' Motion to Disqualify Counsel and Motion for Joinder (Dkt. Nos. 51 and 53). The Court GRANTS Plaintiffs' Motion to Strike Answer to Amended Complaint and to Compel a Sufficient Answer (Dkt. No. 38) and directs Defendants to enter a sufficient Answer by November 6, 2014. The court GRANTS in part and DENIES in part the four motions related to discovery (Dkt. Nos. 46, 48, 52, and 54) as discussed above, and directs Defendants to produce responses to Interrogatories One, Five, Seven, Eight, Nine, Twelve, Thirteen and Eighteen, and Document Requests One, Two, Four, Six, Seven, Eight, Nine, Ten, Twelve, Seventeen, and Twenty by November 6, 2014.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 24, 2014
Charleston, South Carolina